UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 5: 95-15-DCR |
| Plaintiff, | ) | and |
| | ) | Civil Action No. 5: 16-159-DCR |
| V. | ) | |
| | ) | |
| WILLIAM HENRY CLAY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendant William Henry Clay's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] [Record No. 420] Clay's motion arises from the revocation of his supervised release. Clay alleges that his counsel's representation during this proceeding was ineffective.

In June 2014, Clay began a period of supervised release, which was part of the sentence entered in his case on September 22, 1995. [Record No. 393] On July 23, 2015, the probation office filed a petition for a warrant or summons for Clay, alleging violations of the conditions of his supervised release, including committing another crime and substance abuse. [*Id*.] The Court held a revocation hearing, during which it determined that Clay had violated his supervised release conditions. [Record No. 412] The Court ultimately revoked Clay's supervised release and sentenced him to sixty months' imprisonment. [Record No. 415]

---

[1] Clay has filed a second § 2255 motion, which is stayed pending the Supreme Court's decision in *Beckles v. United States*, 136 S. Ct. 2510 (2016). The status of that motion is unaffected by this decision.

On May 24, 2016, Clay filed a motion under § 2255 in which he alleged that his attorney for the revocation proceedings was ineffective by failing to appeal the Court's ruling. [Record No. 420] Specifically, Clay alleged that he requested an appeal on the record at the hearing but his attorney failed to comply with this request. [*Id*.] Consistent with local practice, Clay's § 2255 motion was referred to a United States Magistrate Judge for review and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 626(b)(1)(B). Thereafter, United States Magistrate Judge J. Gregory Wehrman recommended that Clay's motion be denied. [Record No. 436] Neither the United States nor Clay filed objections to the Magistrate Judge's Report and Recommendation.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendation to which objections are made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nevertheless, the Court has examined the record *de novo* and agrees with the Magistrate Judge's conclusions.

As the Magistrate Judge determined, Clay is not entitled to relief under § 2255 because the record directly contradicts Clay's assertions. Were it true that Clay requested an appeal and his attorney failed to file one, Clay would have a legitimate ineffective assistance of counsel claim. *See Hamilton v. United States*, 566 Fed. Appx. 440, 443 n. 2 (6th Cir. 2014). Further, when a litigant makes this allegation, and the record does not contradict it, the court is typically required to hold a hearing to determine whether the litigant, in fact, requested an appeal. *See id*. at 445; *Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012).

Here, Clay does not make a general contention that, at some point during the course of the representation, he asked his attorney to appeal. Instead, he specifically asserts that he requested an appeal on the record at his revocation hearing. [Record No. 420] But as the Magistrate Judge noted, this claim is directly contradicted by the record. Transcript does not support Clay's assertion that he requested an appeal during the hearing. [Record No. 429, pp. 60-63] As a result, a hearing on his assertion is unnecessary. Further, Clay is not entitled to relief on his § 2255 petition because contentions that are contrary to the record are not proper bases for relief. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Accordingly, it is hereby **ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [Record No. 436] is **ADOPTED** and **INCORPORATED** by reference.

2. Clay's motion [Record No. 420] is **DENIED** and his claim is **DISMISSED**, with prejudice.

3. A Certificate of Appealability shall not issue because Clay has failed to demonstrate the denial of any substantive constitutional right.

4. A Judgment in favor of the United States shall issue this date.

This 12th day of October, 2016.



Signed By:
*Danny C. Reeves* DCR
United States District Judge